# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA JENNINGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-09-1344-M ) |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff, Ms. Cynthia Jennings, seeks judicial review of a partial denial of disability insurance benefits (DIB) and supplemental security income benefits (SSI) by the Social Security Administration. This matter has been referred for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below it is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## I.    Procedural Background

Ms. Jennings' alleged disability onset date is October 17, 2006. *See* Administrative Record [Doc. #12] (AR) at 16.[1] The Social Security Administration denied her application initially and on reconsideration. AR 25-26. Following a hearing, an Administrative Law

---

[1] At the hearing before the ALJ, Ms. Jennings agreed to amend her onset date from August 9, 2005 to October 17, 2006. AR 16. The decision to amend the onset date was based on the lack of any medical evidence prior to October 2006. AR 164-167.

Judge (ALJ) issued a partially favorable decision. AR 16-25. The Appeals Council denied Ms. Jennings request for review. AR 5-8. This appeal followed.

## II.     The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920. At step one, he determined that Ms. Jennings had not engaged in substantial gainful activity since October 17, 2006, the amended alleged onset date. AR 18. At step two, the ALJ determined that Ms. Jennings has the following severe impairments: "degenerative disc disease and osteoarthritis." AR 18. At step three, the ALJ found that Ms. Jennings' impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 18-19.

The ALJ next determined Ms. Jennings' residual functional capacity (RFC). The ALJ made two separate RFC findings. The first RFC finding governs the time period from her alleged onset date, October 17, 2006, through December 31, 2007:

> After careful consideration of the entire record, the undersigned finds that, prior to January 1, 2008 (October 17, 2006, through December 31, 2007), the date the claimant became disabled, the claimant had the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except. [sic] The claimant could occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; walk/stand about 6 hours in an 8 hour work day; sit about 6 hours in an 8 hour work day; and occasionally stoop. The claimant experienced a mild level of discomfort and fatigue.

AR 19.

The second RFC governs the time period from January 1, 2008, forward:

> After careful consideration of the entire record, the undersigned finds that, beginning on January 1, 2008, the claimant has had the residual functional capacity to perform a restricted range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant could occasionally lift/carry 5 pounds but not frequently lift or carry; alternate between walking and standing for up to 2 hours in an 8 hour work day; sit 6 hours in an 8 hour work day; and occasionally climb, balance, stoop, kneel, crouch, and crawl. However, the claimant can never climb ladders. She should avoid concentrated exposure to machinery and heights. She has moderate to severe level of discomfort and fatigue.

AR 20.

At step four, the ALJ concluded that from October 17, 2006, through December 31, 2007, Ms. Jennings could perform her past relevant work as laundry supervisor, laundry worker and convenience store clerk. AR 22. Beginning January 1, 2008, however, Ms. Jennings could not perform her past relevant work. *Id*. Relying on the testimony of a vocational expert, the ALJ found at step five that beginning on January 1, 2008, there is no work that exists in significant numbers in the national economy that Ms. Jennings can perform and, therefore, that Ms. Jennings is disabled as of that date. AR 23-24.

### III. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is

overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## IV. Issues Raised on Appeal

Ms. Jennings brings two related claims on appeal. First she claims the ALJ did not properly weigh the medical opinion of Dr. Bhakta, a treating physician. Second, Plaintiff claims the ALJ's determination of her RFC prior to January 1, 2008, is not supported by substantial evidence.[2]

## V. Analysis

### A. The ALJ's Analysis of Dr. Bhakta's Opinion

By regulation, the ALJ is required to give "controlling weight" to the opinion of a treating physician unless it is contrary to the medical evidence or inconsistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The ALJ expressly stated that

---

[2]Ms. Jennings is not challenging the ALJ's determination that she has been disabled since January 1, 2008.

4

he was giving controlling weight to the opinions of Ms. Jennings' treating physicians. AR 22 ("The opinions of the claimant's treating physicians as to the nature and severity of her impairments are not inconsistent with the overall evidence in the case record and are afforded controlling weight accordingly.").[3]

In giving controlling weight to the treating physician opinions, the ALJ specifically referenced the findings set forth in Dr. Bhakta's Medical Source Opinion of Residual Functional Capacity. AR 132. Dr. Bhakta completed this opinion on June 25, 2008. Yet, the opinion clearly states that it is intended to show Ms. Jennings' limitations *as of October 2006*. AR 132 (emphasis added). In fact, the record shows that Dr. Bhakta only treated Ms. Jennings in 2006. AR 111-113.

The ALJ accepted Dr. Bhakta's opinion as reflected in his second RFC determination covering the time period from January 1, 2008, forward. *See* AR 22. But the ALJ clearly rejected Dr. Bhakta's opinion for the time period October 17, 2006, through December 31, 2007. The ALJ offered no reason for doing so. And, his rejection of Dr. Bhakta's opinion is inconsistent with his determination to give controlling weight to Dr. Bhakta's opinion.

Moreover, it appears the ALJ relied upon the opinion of Dr. Hall in making his first RFC assessment for the time period October 17, 2006 through December 31, 2007. AR 20. Dr. Hall examined Ms. Jennings in August 2006, just two months prior to Dr. Bhakta's treatment of Ms. Jennings in October 2006. AR 105-110. Dr. Bhakta's October 2006

---

[3]The ALJ considered the opinions of two treating physicians, Dr. Bhatka and Dr. Ayitey. Dr. Ayitey first began treating Ms. Jennings after January 1, 2008. AR 121-131.

examination shows greater limitation of lumbar range of motion than Dr. Hall's August 2006 examination. *Compare* AR 107 with AR 112. And, again, Dr. Bhakta's Medical Source Statement shows greater limitations than those reflected in Dr. Hall's examination notes. Moreover, albeit limited, there is some objective medical evidence supporting Dr. Bhakta's opinion. AR 113. Under these circumstances, the ALJ erred in failing to explain why he did not give controlling weight to Dr. Bhakta's opinion in making his first RFC assessment. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). A remand, therefore, is required.

### B. The ALJ's RFC Assessment Prior to January 1, 2008

As her second claim of error, Ms. Jennings challenges the ALJ's RFC determination for the time period October 17, 2006 through December 31, 2007 on grounds that it is not supported by substantial evidence.

In making this first RFC assessment the ALJ noted "a lack of medical evidence in the record." AR 20. The ALJ then summarized Dr. Hall's consultative examination in August 2006, and Dr. Bhakta's October 2006 treatment of Ms. Jennings (both discussed above). The ALJ also referenced lumbar spine X-rays taken, at Dr. Bhakta's request, in October 2006, and the fact that Dr. Bhakta prescribed Diclofenac. AR 111, 113. None of these records are inconsistent with Dr. Bhakta's opinion set forth in the Medical Source Statement specifically assessing Ms. Jennings' functional limitations as of October 2006. And, significantly, Dr. Bhakta's opinion is the only opinion of functional limitations for this time period. The other functional assessments in the record are based on examinations performed in 2008.

6

The ALJ did not discuss the weight given to the medical evidence he summarized. Nor did he identify the medical evidence supporting his first RFC assessment. Significantly, as discussed above, he failed to explain why he did not give Dr. Bhakta's opinion as to Ms. Jennings' functional limitations controlling weight. Accordingly, the ALJ's first RFC assessment is not supported by substantial evidence.

In sum, a remand is required for proper evaluation of the treating physician opinion of Dr. Bhakta. In addition, a remand is required so that the ALJ can make findings, supported by substantial evidence, as to Ms. Jennings' RFC for the time period October 17, 2006, through December 31, 2007.

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and remanded for further consideration consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed.R.Civ.P.72. Any such objections should be filed with the Clerk of the District Court by August  27th , 2010. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __6th__ day of August, 2010.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE